TERRELL, Justice
(dissenting).
The issues in the case were negligence vel non on the part of defendant and contributory negligence on the part of the plaintiff. It appears that the court’s order ■granting -the motion for directed verdict shows on its face that the issues should have been presented to the jury, in that he pointed out: (1) “plaintiff’s testimony shows that the beans were stacked high, and- invited themselves to fall, which would in itself put a shopper on notice that softie might fall or some might have recently fallen;” (2) “I cannot see from the evidence in this-case now any actionable negligence that would stick.”
The record discloses that appellee’s place of business was a very attractive supermarket, that at the time plaintiff was hurt, there was a “special” on green beans, that the bean bin was overloaded, that it was difficult to take beans from the bin, without dropping some on the floor, and that beans were in fact repeatedly dropped on the floor, and not restored to the bin. There was testimony that the floor had not bfeen swept for more than an hour at the time plaintiff slipped on the bean and fell.
On some matters there was conflicting evidence, while on others there was no controversy. The reasonable deductions from the evidence are for the jury and not the court to determine. Since some of the evidence was controversial, even if the court drew a different conclusion from it, or had a different idea as to its probative value, it should have gone to the jury. There must be no affirmative evidence to warrant the court in directing a verdict.
I therefore dissent.